WILLY R. VOGELER et al., Respondents, *v.* ALWYN IMPROVEMENT CORPORATION, Appellant.

**Appeal — vendor and purchaser — real property — covenants — Court of Appeals may consider pleadings on appeal from judgment entered upon order striking out answer as if no previous motion to dismiss complaint had been made and denied — exaction as part consideration for conveyance of land of covenant restricting use — restriction enforced against subsequent owner who takes with notice of covenant — benefit of covenant not restricted to lands retained by grantor — owner of adjoining parcel may enforce covenant when intent to establish it for his benefit is clear.**

1. On appeal from a judgment of the Appellate Division, affirming a judgment entered upon an order granting a motion to strike out the answer and for judgment on the pleadings, a contention that a prior decision in favor of plaintiff, upon a motion by defendant to dismiss the complaint, stands as the law of the case, since the notice of appeal from the subsequent judgment does not bring up the earlier

# 132 VOGELER v. ALWYN IMPROVEMENT CORP.

order for review, cannot be sustained. The Court of Appeals may consider the pleadings as if no·motion for judgment dismissing the complaint had been made and denied before the answer was interposed. (*Ansorge* v. *Kane*, 244 N. Y. 395, followed.)

2. Where a vendor of land exacts as a part consideration for the conveyance a covenant restricting the use to which the grantee, its successors and assigns, may put the land, acceptance of title subject to that restrictive covenant imposes upon the grantee an obligation which a court of equity will enforce not only against the grantee but against any subsequent owner who takes with notice of the covenant.

3. The benefit of such a covenant is not restricted to lands which the grantor retained, and where the intent to establish the restriction for the benefit of the owner of an adjoining parcel is clear he may enforce it.

*Vogeler* v. *Alwyn Improvement Corp.*, 220 App. Div. 829, reversed.

(Submitted December 2, 1927; decided January 10, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 24, 1927, which affirmed a judgment in favor of plaintiff entered upon an order of Special Term granting a motion by plaintiff for judgment on the pleadings.

*Charles M. Rosenthal* and *Max Horowitz* for appellant. The separate defense contained in defendant's answer sets forth a cause of action. (*Harris* v. *Curtis*, 139 App. Div. 393; *Hart* v. *Little*, 103 Misc. Rep. 620; *Hall* v. *Sterling Iron & R. Co.*, 148 N. Y. 432; *Huttmeier* v. *Albro*, 18 N. Y. 48; *Lampman* v. *Milks*, 21 N. Y. 505; *Wilson* v. *Wightman*, 26 App. Div. 41.) The principle of estoppel does not preclude the defendant from an opportunity of proving it is not a stranger to the conveyance. (*Tuscarora Club* v. *Brown*, 215 N. Y. 543; *Westcott* v. *Jupiter*, 175 App. Div. 734.)

*Samuel D. Macpeak* and *James A. Beha* for respondents. The defense consisting of new matter is insufficient in law. (*Tuscarora Club* v *Brown*, 215 N. Y. 543; *Leonard* v. *Clough*, 133 N. Y. 292; *Kidder* v. *Hesselman*, 119 Misc. Rep. 410.) The court properly decided that

the denials interposed by the defendant raise no issue. (*Kidder* v. *Hesselman*, 119 Misc. Rep. 410.)

Lehman, J.  The plaintiffs in this action seek a declaratory judgment decreeing that the restrictions contained in a deed to premises known as 560 West End avenue, New York city, which the plaintiffs now own, are not enforcible in equity and create no easement in favor of the adjoining parcel of land known as 562–568 West End avenue.  The allegations of the complaint show that the premises owned by the plaintiffs were conveyed by the Wittnauer Realty Company, Inc., to the plaintiffs' predecessor in title on July 7th, 1920. The deed contains a clause that " as part of the consideration given for this conveyance, the party of the second part, for itself and its successors and assigns, covenants and agrees that no building, addition to or alterations of building, or no structure or sign of any kind shall or will be constructed or erected above the building or structure now standing on the land herein conveyed, and no new building or structure or sign which may be constructed or erected in place of the building or structure now on said land shall or will exceed the height of fifty (50) feet from the sidewalk level, without the consent in writing duly signed and acknowledged of the owner and holder of a certain mortgage bearing date the 7th day of July, 1920, made by the L. & J. Realty Company, Inc., to Wittnauer Realty Company, Inc., in the amount of $189,000, covering the adjoining premises known as No. 562–568 West End Avenue, until said mortgage is fully paid and satisfied, and in addition unless or until the owner of the said adjoining premises known as No. 562–568 West End Avenue, its successors or assigns, consents in writing, duly signed and acknowledged, to the removal and termination of this restricted covenant.  This covenant shall run with the land described herein until it be cancelled and terminated

as herein provided." The plaintiffs in this action claim that this covenant is no longer enforcible.

The defendant is the owner of the adjoining parcel Nos. 562–568 West End avenue. Until July 7th, 1920, the Wittnauer Realty Company owned both parcels. That corporation conveyed both parcels on the same day to different grantees, but the complaint alleges that the parcel owned by the defendant was conveyed first, and that when the Wittnauer Realty Company, Inc., conveyed the parcel No. 560 West End avenue it held no title to, but only a mortgage upon, the adjoining parcel. The intention to restrict the use of the parcel owned by the plaintiffs for the benefit both of the mortgagee and of the owner of the adjoining parcel is clearly expressed in words. The grantee accepted the deed subject to that restriction. The plaintiffs thereafter obtained title to the land with knowledge of the restriction on its use, but they ask the courts to declare that they are not bound by that restriction after the mortgage then owned by the Wittnauer Realty Company has been paid.

The only basis of the plaintiffs' claim is a contention that a grantor of land may not restrict its use except for his own benefit or the benefit of land which the grantor retains. A motion by the defendant for judgment dismissing the complaint on the ground that it fails to state facts sufficient to constitute a cause of action was denied. Then the defendant answered, and in its answer alleges that the conveyance of the two adjoining parcels by the Wittnauer Realty Company was simultaneous. A motion by the plaintiff to strike out the answer and for judgment on the pleadings has been granted, and judgment entered as prayed for in the complaint. From that judgment the defendant has appealed.

It is urged at the outset that the decision in favor of the plaintiff upon the motion to dismiss the complaint stands as the law of the case, since the notice of appeal from the subsequent judgment does not bring up the

earlier order for review.   In the case of *Ansorge* v. *Kane*
(244 N. Y. 395) we have held otherwise.   We may con-
sider the pleadings as if no motion for judgment dis-
missing the complaint had been made and denied before
the answer was interposed.   In this State the rule has
been firmly established that a *reservation or exception*
in a deed is " ineffectual to convey any estate or interest
whatsoever in the lands described to a stranger to the
conveyance." (*Tuscarora Club of Millbrook* v. *Brown,*
215 N. Y. 543.)   The courts below have granted judgment
in favor of the plaintiffs upon the theory that by analogy
a stranger to the conveyance cannot enforce a *restrictive
covenant* contained in the deed to the plaintiff's prede-
cessor in title.

Here the grantor who created the restriction did not
attempt by reservation or exception in the deed to create
any legal estate or interest in the lands described either
in his own favor or in favor of a stranger.   He exacted
as part consideration for the conveyance a covenant
restricting the use to which the grantee, its successors
and assigns, might put the land.   Acceptance of title
to the land subject to that restrictive covenant imposes
upon the grantee an obligation which a court of equity
will enforce not only against the grantee but against any
subsequent owner who takes with notice of the covenant.
(See Pomeroy's Equity Jurisprudence, volume 2, section
689.)   Even where such a covenant, enforcible in equity,
creates what has been called an equitable servitude or
equitable easement, no supposed analogy to a common-
law estate or interest created by reservation or exception
has led courts of equity to restrict the benefit to lands
which the grantor retained.

Of course, not every stranger to a conveyance may
enforce such a restriction.   As in other actions brought
upon obligations imposed by contract or covenant, a
plaintiff must show a legal or equitable interest which
gives him a right to bring the action.   Before a stranger

to a conveyance may assert rights based upon a covenant or restriction, " there must be found somewhere the clear intent to establish the restriction for the benefit of the party suing or his grantor, of which right the defendant must have either actual or constructive notice." (*Equitable Life Assurance Soc.* v. *Brennan,* 148 N. Y. 661.) Here the intent to establish the restriction for the benefit of the owner of the adjoining parcel is clear.

It would serve no purpose to examine the history or the extent of the right to enforce in equity a restriction upon the use of the land. It is true that in most cases where a grantee of one parcel of land has been permitted to enforce a restriction imposed upon the subsequent conveyance of another parcel to another grantee, it appears that both parcels were part of a larger tract, and the restriction was imposed to carry out a general scheme of development of the whole tract. (*Brouwer* v. *Jones,* 23 Barb. 153; *Equitable Life Assurance Soc.* v. *Brennan, supra; Korn* v. *Campbell,* 192 N. Y. 490; *Chesebro* v. *Moers,* 233 N. Y. 75; *Sprague* v. *Kimball,* 213 Mass. 380; *Barton* v. *Slifer,* 72 N. J. Eq. 812; *Summers* v. *Beeler,* 90 Md. 474; *Nottingham Patent Brick & Tile Co.* v. *Butler,* 16 Q. B. Div. 778; *Collins* v. *Castle,* 36 Ch. Div. 243; *Spicer* v. *Martin,* 14 App. Cases, 12.) In some cases there are expressions in the opinions which standing alone might seem to indicate that the right of a prior grantee of one parcel to enforce a restriction imposed upon a subsequent conveyance of another parcel by the same grantor is limited to cases where both parcels were embraced in a general plan for development of a larger tract. A critical examination of these opinions will demonstrate that these considerations have been regarded as decisive only where on the face of the subsequent deed no covenant or restriction is found in favor of prior grantees or where the action has been brought in jurisdictions where courts have been compelled to create an exception to a general rule prevailing there that a

third party may not enforce a contract made for his benefit.

In the present case no such questions exist. The restriction was imposed for the defendant's benefit under circumstances where the beneficiary of a promise may sue for its enforcement in accordance with the general doctrines prevailing here. (See, also, *Doerr* v. *Cobbs*, 146 Mo. App. 342; *Collins* v. *Castle, supra.*)

The judgment of the Appellate Division and that of Special Term should be reversed, and the plaintiffs' motion for judgment denied, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed, etc.