FREDERICK R. DUESBERG and Another, Plaintiffs, *v.* EDWARD A. HAIGHT and Others, Defendants.

Supreme Court, Rensselaer County, December 9, 1932.

*Edward J. Halter*, for the plaintiffs.

*Edwin W. Sanford*, for defendants John L. and Charlotte M. Lintner.

RUSSELL, J. An application has been made to this court for a temporary injunction against the defendants John L. Lintner and Charlotte M. Lintner, enjoining them from renting and permitting to be occupied three overnight cabins erected upon the property of the defendants upon the ground that said cabins were erected in violation of certain covenants and restrictions contained in the deeds to them from Edward A. Haight and Alice E. Haight, who are also named as defendants in the above action.

The two lots in question owned by the Lintners were a part and parcel of a certain plot of land owned by the Haights, and, when conveyed by the defendants Haight, were sold as five lots, each having a frontage of fifty feet and a depth of one hundred and seventy-five feet. The following covenants and restrictions were set forth in the several deeds:

" 1. No building shall be erected thereon, the nearest point of which shall be within 32 feet of the easterly boundary of the aforesaid highway.

" 2. No dwelling shall be erected thereon which shall be of the reasonable cost and value of less than $6,000.

" 3. No stable, garage, or other building shall be constructed thereon, except as an appurtenance to the dwelling thereon constructed.

" 4. No outside toilet shall be erected or used on the premises."

It was the evident intent of the grantors, Edward A. Haight and Alice E. Haight, to carry out a general scheme of development of the whole tract and to impose upon each lot thus conveyed certain covenants and restrictions. The benefit of such covenants and restrictions may be enforced by one owner against the other where the plot conveyed was for a general scheme of improvement. (*Vogeler* v. *Alwyn Improvement Corporation*, 247 N. Y. 131, 132.)

The next question arising on this motion develops from restriction No. 3, which reads as follows: " No stable, garage, or other building shall be constructed thereon, except as an appurtenance to the

dwelling thereon constructed." It appears that the plaintiffs erected a garage on lot No. 3, which is within the 175-foot limit, the depth of the lot. It also appears that the defendants Lintner erected three overnight cabins within the 175-foot depth. What might be an appurtenance in one case would not be in another. Appurtenance depends upon the intent and nature of the conveyance. From a reading of all the papers it seems clear that the intent of the original owners was to develop a residential section of these lots in question. The garage as constructed on lot No. 3 owned by the plaintiffs agrees in its nature and quality with the dwelling. There exists a propriety of relation between the dwelling and it, and, therefore, is necessarily an appurtenance which actually exists for the full enjoyment of the property. This cannot be said of the overnight cabins. They evidently were constructed for financial gain regardless of the propriety existing between them and the dwelling owned by the defendants. It is difficult to see how under any construction they could be called an appurtenance when considering the intent of the original grantors.

A question has been raised as to the kennels belonging to the plaintiffs and built on the property of the plaintiffs, but these are outside the restricted area and, therefore, do not come within the covenant.

Enough appears from the papers on the motion to raise a sharp question of fact as to the final relief asked for by the plaintiffs, because of certain business relations previously existing between the parties and which may defeat the plaintiffs' action in equity. Only upon an examination of the parties can these facts be fully determined.

However, upon the facts as here presented, the plaintiffs should not be denied certain temporary relief, but should be compelled to seek final judgment in the most expeditious manner, so that the temporary relief here granted may not be prejudicial to the defendants' interest.

The equities of the parties may be more fully considered upon a trial of the facts than merely upon affidavits on a motion of this nature.

If this action should not be finally disposed of on or before April 1, 1933, because of any fault of the plaintiffs, the defendants may apply for an order to vacate or modify the injunction here granted.

Plaintiffs may have the relief asked for in the notice of motion subject to the limitations stated in this memorandum.