L. Babeos" Hill, J.
This is an action for an injunction to enforce a restrictive covenant contained in a deed to one of the plaintiffs ’ predecessors in title.
In 1938, one Anna T. Burrell was the owner of a tract of land on West Neck Road, Shelter Island, New York. She lived in a house at the westerly portion of these lands and the remainder was vacant. In September of 1938, she conveyed a parcel immediately adjacent to her home containing 150 front feet to William T. and Madelaine Hallman, plaintiffs herein, who erected a substantial private dwelling. There were no restrictions in this deed. In 1940, Mrs. Burrell conveyed a parcel of 125 front feet adjoining the Hallman property on the east to Helen 0. Meyers. This deed contained the following covenant: “ The grantee covenants and agrees to and with the grantor that she will not use or permit to be used the premises hereby conveyed for any manufacture, trade or business, or remove any sand or gravel therefrom. This covenant shall be construed as a covenant running with the land ’ ’.
Thereafter, in 1942, Mrs. Burrell transferred the remainder of the original tract to the east of the Meyers’ parcel to a Mr. and Mrs. Piccozzi. This deed covered about 225 front feet of land and contained the same covenant recited in the Meyers’ deed. The defendants acquired title to the Piccozzi parcel through several mesne conveyances, the deed to them reciting that it was “ subject to the covenants and restrictions and easements of record if any”.
Arma T. Burrell, the common grantor, died in possession of the unconveyed homestead portion of the original tract, and devised same to her daughter, Annabelle, who is also a plaintiff herein. Thus all the owners of the original Burrell property are parties to this action.
It appears from the testimony that prior to the commencement of this action, the defendants were preparing to use their property for the cottage or motel business.
*577 I find that the restrictive covenants in the deed to Piccozzi was intended to run with the land, and was exacted for the benefit of the neighboring lands. To this extent, at least, it falls within the second class of cases described in Korn v. Campbell (192 N. Y. 490) and is enforcible by Annabelle Burrell, upon whom develoved the remaining neighboring land held by the promisee when the covenant was made. Actually, under a more liberal view, the covenant might be enforcible by the other plaintiffs (see, also, Vogeler v. Alwyn Improvement Corp., 247 N. Y. 131; 5 Powell, Real Property, ¶¶ 673-675), but I need not explore the unchartered fields when the relief requested will be granted if only one plaintiff has standing. The defendants will be enjoined from violating the covenant as requested in the complaint, though no monetary damages will be awarded.
Submit finding óf fact and conclusions of law.