Burke, J.
In 1957 defendant purchased a plot of land with house and outbuildings from the Garber Lake Realty Corp. at an auction liquidating the Garber holdings near Treasure Lake in Sullivan County. Contained in the deed conveying the property was a covenant restricting the plot to a single residence. Defendant has commenced the conversion of a barn into a second residence in violation of the covenant.
The main question on this appeal is whether the plaintiffs, who own land near that of defendant, also conveyed by Garber some years before the conveyance to defendant, may enforce the covenant in the deed to the defendant. Since they are strangers and not parties to the instrument containing the covenant, or referred to therein as beneficiaries (see Vogeler v. Alwyn Improvement Corp., 247 N. Y. 131), their theory is that of an equitable right based on the existence of a common plan or scheme of building development (Korn v. Campbell, 192 N. Y. 490; Equitable Life Assur. Soc. v. Brennan, 148 N. Y. 661; Chesebro v. Moers, 233 N. Y. 75). We find neither the necessary disclosure nor the clear and definite evidence required to prove the existence of such a common plan.
The tract containing plaintiffs’ and defendant’s parcels was acquired by Garber in 1946 free of restrictions. Between 1947 and 1955 Garber conveyed about 20 parcels adjoining Treasure Lake, of which 11 are owned by plaintiffs. Although the parcels *246 were plotted on a map showing a development of numerous parcels, the map was never filed in the County Clerk’s office nor shown to any purchaser. All of the conveyances but one * contained the above-mentioned restriction against more than a single residence. After the commencement of this action, in order to furnish an additional defense to plaintiffs’ claim, defendant conveyed the part of her parcel upon which the barn stands to her son. We do not find this circumstance material. If the covenant is enforcible by plaintiffs at all, it applies to the whole area conveyed subject thereto and binds anyone taking any part thereof with notice, actual or constructive, of the restrictive covenant. Otherwise any restriction against the number of buildings on a given plot could be circumvented by subdivision and sale—-a result clearly inconsistent with the purpose of the covenant and the intention of the parties.
Plaintiffs have the burden of proving that the similar covenants in the several deeds out of Garber Realty were, in the intention of the parties, for the mutual benefit of all of the grantees and not merely for the grantor, Garber (White v. La Due & Fitch, 303 N. Y. 122; Barrow v. Richard, 8 Paige Ch. 351; Snow v. Van Dam, 291 Mass. 477). Absent an explicit provision in the covenant that it is for the benefit of other grantees, in which case third-party beneficiary principles would control (Vogeler v. Alwyn Improvement Corp., 247 N. Y. 131, supra), plaintiffs must show that the parcels sought to be charged with the restriction were embraced in a general plan of development (Korn v. Campbell, 192 N. Y. 490, supra; Equitable Life Assur. Soc. v. Brennan, 148 N. Y. 661, supra; Chesebro v. Moers, 233 N. Y. 75, supra; 5 Powell, Real Property, § 679).
Although we have an affirmed finding of fact that such a common building plan existed here, the undisputed evidence shows that no map was ever filed or shown to prospective purchasers. Nor is there a single word of testimony that any grantee bought with knowledge of, or in reliance on, the existence *247 of a uniform scheme of restrictions — or indeed even knew of any other covenant than his own. For aught that appears in the record the prior grantees had not even a vague idea of the extent of the development now alleged to be subject to a common scheme. Only four of the deeds from Garber to the various grantees gave any indication of a plan of development. They read: The real property described herein is part of a tract intended to be used exclusively for a first class residential property ”. Even these four deeds show no uniform, mutually binding, restrictions.
When the liquidation sale was held the advertisement made no mention of uniformity of restriction. The previous deeds to plaintiffs did not operate to put defendant on inquiry notice (Buffalo Academy of Sacred Heart v. Boehm Bros., 267 N. Y. 242); nor would an inquiry have revealed more than the bare existence of similar restrictions — insufficient without more to establish a uniform plan (Bristol v. Woodward, 251 N. Y. 275). The physical surrounding circumstances clearly did not have the effect of giving notice of schematic restriction. The parcels were of varying shapes and sizes, some as little as one half the area of defendant’s parcel. Although some lots were laid out in a straight line, others, including defendant’s, were spread out in no perceptible pattern. No notice of a common restriction can be found in the advertisement issued with the notice of the auction sale at which defendant purchased her property. To the contrary, it boasted of the recreational potential of the area and stated that ‘ ‘ Privacy and accessibility make it attractive for subdivision for private homes—summer camp — dude ranch or institutional use.”
Lastly, it is significant that the other two parcels sold at the liquidation sale contained the following language in the deed: ‘‘ All of said premises will be and are sold subject to such conditions, reservations and restrictive covenants as are contained in various deeds from Garber Lake Realty Corporation to various grantees and restrictions contained in collateral agreements between Garber Lake Realty Corporation and grantees, which said deeds and collateral agreements are recorded in the office of the Clerk of the County of Sullivan.” The deed to defendant’s parcel contains no such notice of subjection to other restrictions. In sum, there is simply a complete failure of proof *248 that a uniform scheme of restrictions was ever made manifest to all parties, and most certainly a failure of proof that this defendant, a purchaser for value, had notice, actual or constructive, of any such common scheme. (4 Warren’s Weed, New York Real Property [4th ed.], p. 813.)
The order appealed from should be reversed, with costs in this court and in the Appellate Division, and the complaint dismissed.

 The single parcel conveyed free of restrictions was a part of the tract severed from the rest because of the appropriation of a part of the tract for New York State Route 17. Lack of access amply justified the courts below in treating this conveyance as a special circumstance not bearing on the existence of a uniform plan for the rest of the Garber land.