J. Robert Lynch, J.
An automobile owned by Dorothy Corsey was covered by a liability policy of the petitioner (Nationwide) that contained an uninsured motorist provision. The respondent was in this car when it was struck by a car owned by Evelyn Johnson and operated by Richard Monica. This ear was insured by the United States Fidelity & Guaranty Company (USF&G) which has disclaimed coverage on the assertion that Monica did not have permission to drive. Thereupon the respondent made claim against Nationwide as the victim of an uninsured motorist and has demanded arbitration in accordance with the terms of the policy.
Nationwide moves now to stay arbitration. Since USF&G’s disclaimer was unilateral, the petitioner claims the right to have the validity of the disclaimer determined preliminarily in a jury trial. It cites Matter of Motor Vehicle Acc. Ind. Corp. (Malone) (16 N Y 2d 1027) and Matter of Rosenbaum (American Sur. Co.) (11 N Y 2d 310). The respondent concedes that if this were all that were involved the petitioner would be entitled to the relief.
The respondent contends however that the facts of this case introduce an element unavailable or unpresented in prior adjudications. Here Nationwide and USF&G are signatories to an agreement to submit the issue of the validity of any disclaimer by one affecting the other to arbitration. The respondent argues that he is a third-party beneficiary of this agreement, entitled to have it enforced by a denial of this request to stay arbitration for a jury trial of the same issue.
It is settled that one may be a third-party beneficiary of a contract only if it be intended for his benefit. (Lawrence v. Fox, 20 N. Y. 268; Beveridge v. New York El. R. R. Co., 112 N. Y. 1: Rigney v. New York Cent. & Hudson Riv. R. R. Co., 217 N. Y. 31: Vogeler v. Alwyn Improvement Corp., 247 N. Y. 131.) For the purpose of the argument we agree with the respondent that he is a third-party beneficiary of both insurance contracts, Nationwide-Corsey and USF&G-Johnson. From this he would have us conclude that he must be a third-party beneficiary of this Nationwide-USF&G agreement since it concerns obligations arising under their respective Corsey and Johnson contracts.
The conclusion is unwarranted. The respondent would be a third-party beneficiary of any Nationwide-USF&G contract only if that contract were shown to have been intended for his benefit, not simply because he may benefit from it. “ The agreement *469 under which the third party claims must clearly express an intention to assume a duty directly to him. It is essential not merely that the contract shall operate for the benefit of the third person, but that it shall have been so intended.” (10 N. Y. Jur., Contracts, § 239.) When the agreement is one to arbitrate, it should not be extended by implication or construction (Matter of Lehman v. Ostrovsky, 264 N. Y. 130; Matter of Rosenbaum [American Sur. Co.], 11 N Y 2d 310, supra).
The respondent’s contention collapses under the express terms of the Nationwide-USF&G contract: “The Arbitration Agreement is applicable to controversies involving insurance companies only. The interest of parties other than insurance companies may not be arbitrated under the Agreement ”. The petition is granted.