OPINION OF THE COURT
Jasen, J.
Plaintiffs brought this action to enforce a restrictive covenant in defendants’ chain of title which prohibits the construction of two-family dwellings.
The trial court traced each of the parties’ properties to an original owner, Brown Brothers Company, and found that the restrictive covenant in defendants’ chain of title was clearly intended to limit residential construction to single-family dwellings. Nevertheless, the court dismissed the complaint on the ground that plaintiffs had failed to demonstrate the existence of a “general plan of development” as evidenced by a “uniform (or nearly uniform) scheme of restrictions contained in the deeds from the common grantor.” The Appellate Division reversed and granted relief to plaintiffs, finding not only that the restrictive covenant on defendants’ property was intended to bar construction of the proposed dwellings, but also that the restrictive *291 covenant was imposed by the original grantor as part of a common scheme or plan, as evidenced by the virtually identical restrictions contained in each party’s respective chain of title. We now affirm for the following reasons.
Browncroft Extension, a residential neighborhood in both the City of Rochester and the Town of Brighton in Monroe County, was originally assembled by Brown Brothers Company. The parties in this action each acquired their properties through independent chains of title from that original grantor. We need only consider defendants’ and plaintiff Halley’s chains of title to decide this appeal.
Defendants’ parcel derives directly from a deed conveyed by Brown Brothers in 1916 in which nine lots, including defendants’ four, were transferred to Browncroft Realty Corporation. The conveyance was subject to the following restrictions: “Each lot in the [Browncroft] tract * * * shall be used for residence purposes only and no double house, Boston flat or apartment house, shall ever be built upon any lot in said tract.” Subsequently, the property was conveyed in part several times, including in 1983 when four lots were purchased by defendants. Each conveyance, including the transfer to defendants, explicitly provided that title was taken subject to the covenants of record and specifically referred to the Browncroft Extension.
Plaintiff Halley’s property, consisting of one lot located three lots east of defendants’ parcel, was originally conveyed by Brown Brothers in 1929. This conveyance to Charles and Eleanore Carman provided the following conditions: “The lot hereby conveyed shall be used for the usual and ordinary purposes of a residence or dwelling and not otherwise. No double house, Boston flat or apartment house shall ever be erected thereon”.
The property was transferred again the same year and, thereafter, in 1958, it was purchased by plaintiff Halley. Each conveyance was explicitly made subject to the covenants of record and specifically referred to the Browncroft Extension.
In order to establish the privity requisite to enforce a restrictive covenant, a party need only show that his property derives from the original grantor who imposed the covenant and whose property was benefited thereby, and concomitantly, that the party to be burdened derives his property from the original grantee who took the property subject to the restrictive covenant. (See, Orange & Rockland Utils. v Philwold Estates, 52 NY2d 253, 263; Nicholson v 300 Broadway Realty Corp., 7 NY2d 240, 245; Neponsit Prop. Owners’ Assn. v Emigrant Indus. Sav. Bank, 278 NY 248, 261.) This “vertical privity” arises wherever *292 the party seeking to enforce the covenant has derived his title through a continuous lawful succession from the original grantor. (See, 5 Powell, The Law of Real Property H 673 [2] [c], at 60-64; Clark, Real Covenants and Other Interests Which “Run With Land”, at 111-137 [2d ed 1947]; 4A Warrens’ Weed, NY Real Property, Restrictive Covenants § 3.05, at 28-29 [4th ed].)
Here, the undisputed facts establish the requisite vertical privity. Plaintiff Malley derives title to his property from Brown Brothers. The latter emburdened the property conveyed to defendants’ predecessor by subjecting the conveyance to the restrictive covenant in question, and this covenant, in turn, accrued to the benefit of the property retained by Brown Brothers, including that lot ultimately obtained by Malley. Additionally, the succession of conveyances from Brown Brothers to Malley was continuous and lawful. Nothing in the record indicates otherwise. Likewise, the succession of conveyances to defendants was continuous and lawful, and each transfer was subject to the covenant in question originally imposed by Brown Brothers upon defendants’ predecessor in title. Vertical privity requires nothing more.
Finally, contrary to defendants’ contention, plaintiff Malley’s right to enforce the restrictive covenant does not depend upon his demonstrating a common plan or scheme. Indeed, once the requisite vertical privity has been established, the existence of a plan or scheme need not be determined. Rather, it is sufficient that the surrounding circumstances manifest the original grant- or’s intent that the covenant run with the land. (Vogeler v Alwyn Improvement Corp., 247 NY 131, 136-137; see, Orange & Rockland Utils. v Philwold Estates, supra, at pp 262-263; Bristol v Woodward, 251 NY 275, 284; Booth v Knipe, 225 NY 390, 396; Who May Enforce Restrictive Covenant or Agreement as to Use of Real Property, Ann., 51 ALR3d 556,568-569,580-582; Powell, supra, at 1Í 673 [2] [b]; 4A Warrens’ Weed, supra, Restrictive Covenants § 19.08.)
Here, the nature of the covenant as one running with the land is clearly revealed by the following: the language of the covenant in defendants’ chain of title speaks in terms of perpetuity — i.e., “no double house * * * shall ever be built” (see, Powell, supra, at f 673 [2] [b]; Restatement of Property § 531 comment d; cf. Booth v Knipe, supra, at p 395); the land originally retained — i.e., including that now owned by Malley — necessarily benefited from the covenant (see, Orange & Rockland Utils. v Philwold Estates, supra, at p 262; Post v Weil, 115 NY 361; *293 Powell, supra, at H 673 [2] [b]); every conveyance and other relevant instrument of Brown Brothers, the original grantor, included in the record contains an identical or similar covenant; and, indeed, every conveyance in each of the parties’ chain of title contains the same either explicitly or by unmistakable reference. There is no requirement to establish that, in addition to the foregoing, there existed a common scheme or plan covering every deed from the original grantor of the originally entitled Browncroft Extension.
We have considered defendants’ other arguments and find them to be without merit.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye and Alexander concur.
Order affirmed, with costs.