■ MARY D. DE BOURBON et al., as Executrices of JOHN J. DE LUCA, Deceased, Respondents, v ALFRED B. ENGELBERG, Appellant, et al., Defendants.—Weiss, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Dickinson, J.), entered June 8, 1989 in Putnam County, which, upon reargument, *inter alia,* granted plaintiffs' motion for partial summary judgment on the first cause of action, and (2) from the judgment entered thereon.

The complaint seeks, *inter alia,* a judgment declaring the viability of an easement in perpetuity for ingress and egress by use of a designated lane or roadway traversing the property of John J. De Luca (hereinafter plaintiff), then across lands owned by defendant Alfred B. Engelberg (hereinafter defendant) to a dedicated right-of-way.[1] Plaintiff and defendant each own parcels of land fronting on the northerly shore of Barrett Pond in the Town of Kent, Putnam County. Both parties trace ownership to a common grantor which created a right-of-way over their parcels to provide access between other lands owned by that grantor.[2] Defendant erected a gate on his property which effectively denied plaintiff access to the right-of-way across his land. Supreme Court granted plaintiff's oral motion to reargue a prior motion and, upon reargument granted partial summary judgment in favor of plaintiff upon the first cause of action and denied defendant's cross motion for dismissal. The court found that no factual issue was present and held that "[a] reading of the easement reserved * * * reveals that it clearly grants plaintiff the right to travel over the lane in question". Defendant has appealed.

Defendant now contends, for the first time, that because his

1. The executrices of John J. De Luca's estate have been duly substituted. Jane Engelberg, one of the defendants, has died and been deleted as a party.

2. China Lake Corporation, the common grantor, initially conveyed deeds to plaintiff's and defendant's parcels on September 29, 1936 and November 5, 1936, respectively. There were four subsequent conveyances to each parcel prior to title vesting in plaintiff on November 8, 1968 and defendant on August 12, 1985. Each deed in the chains of title coming out of China Lake Corporation contains a specific recitation making the conveyances subject to the right-of-way. The remaining three defendants to this action each own one of the three lots lying between plaintiff's and defendant's parcels and have China Lake Corporation as their common grantor and the easement running through their properties. On this appeal we need consider only the properties of plaintiff and defendant.

property was conveyed by the parties' common grantor subsequent to the common grantor's conveyance of plaintiff's property, there could be no easement by reservation. Defendant argues that plaintiff's title is a stranger to the common grantor's conveyance to defendant. The "stranger-to-the-deed" rule expressed in *Matter of Estate of Thomson v Wade* (69 NY2d 570) holds that a deed with a reservation or exception by the grantor in favor of a third party does not create a valid interest in favor of that third party. Defendant contends that the "stranger-to-the-deed" rule mandates reversal and dismissal of the complaint.

The relative date of transfer is not fatally defective if, as plaintiff contends, the easements and restrictions were embraced in a common scheme or general plan of development *(see, Steinmann v Silverman,* 14 NY2d 243, 246, 248, 250 [Fuld, J., dissenting]; *Chesebro v Moers,* 233 NY 75, 82; 2 Warren's Weed, New York Real Property, Easements, § 6.06 [4th ed]). We agree. However, this issue was not factually addressed in the moving papers by either party and thus there remains an unresolved issue of fact as to whether there was such a common scheme or general plan of development relative to that portion of the development through which the right-of-way passes.

Defendant's further contention that the easement in the reservation clause was created solely for the benefit of land identified as the "Kittredge parcel" is without merit. The reservation in defendant's deed differs from that in plaintiff's deed in that it contains the additional words: "to and from *all other lands of the grantor lying anywhere between the last described lands and the premises first above described"* (emphasis supplied). The *"last* described lands" are the "Kittredge parcel" situate at the easterly end of the China Lake Corporation property fronting on Barrett Pond, while the *"first* above described" lands are those of defendant at the westerly end of the row of lots owned by China Lake Corporation. It is clear then, that the grantor intended to and did provide an easement to use the road which ran over all of its waterfront property from its easterly end to the westerly end, thereby benefiting plaintiff's parcel.

We further note that the original China Lake Corporation deeds to both plaintiff's and defendant's predecessors contained an identical clause stating in part that "the Purchaser shall have the right to pass and re-pass * * * to and from the premises from and to the public highway over a right of way

set apart by the Grantor". These words denote a benefit of access to public highways using the said right-of-way.

In sum, if the proof at trial sufficiently demonstrates a common scheme or general plan of development of the China Lake Corporation property fronting on Barrett Pond, the easement reserved across such property must be upheld notwithstanding the sequence in which parcels were conveyed by the common grantor.

Accordingly, the motion and cross motion for summary judgment should have both been denied.

Order and judgment modified, on the law, without costs, by reversing so much thereof as granted the motion for partial summary judgment; motion denied; and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.