■ PAUL A. THOMAS, JR., Appellant, et al., Plaintiffs, v WILLIAM L. JUNE, SR. et al., Defendants and Third-Party

Plaintiffs-Respondents, et al., Defendants; JILL E. THOMAS, Third-Party Defendant-Appellant, et al., Third-Party Defendants. [598 NYS2d 615] —Levine, J. Appeals (1) from an order of the Supreme Court (Tait, Jr., J.), entered August 6, 1992 in Madison County, which, *inter alia,* granted a motion by defendants William L. June, Sr. and Rosalie June for summary judgment and declared that a certain agreement did not constitute a restrictive covenant, and (2) from the judgment entered thereon.

In 1955 Duane Palmer, the owner of a tract of land located on the south side of State Route 5 in the City of Oneida, Madison County, proposed to convey the property to Lee Daniels, who intended to commercially develop a strip of the property adjoining Route 5 (hereinafter the Route 5 parcel) as a motel, restaurant and gasoline station, and to subdivide the remainder as residential lots. The entire property was then zoned exclusively for residential use, however. Therefore, Palmer and Daniels jointly applied to the City for a zoning change for the Route 5 parcel from residential to business and commercial use. In accordance with the recommendation of the City's Planning Commission, the zoning reclassification sought by Palmer and Daniels was granted conditionally upon their entering into a written agreement providing, *inter alia,* that the use of the Route 5 parcel would be limited to that of a restaurant, motel and swimming pool and gasoline station. The agreement between the City, Palmer and Daniels was recorded in the County Clerk's office, along with a map depicting the proposed residential lots and commercial buildings on Palmer's property entitled, "Proposed Development. Cowassalon Gardens". The agreement provided for enforcement by the City through injunctive relief and that the promises of Palmer and Daniels contained therein "shall run with the land and shall be included (expressly or by reference) in all instruments transferring * * * any interest * * * in the premises * * * and every provision of this agreement shall bind [Palmer and Daniels and their] heirs, distributees, executors, administrators, lessees, successors and assigns".

The proposed commercial development of the Route 5 parcel never materialized, but between 1955 and 1961 most of the residential lots were sold. In April 1961 Daniels and the City executed a written agreement modifying the 1955 agreement. The only premises referred to in that second agreement was the Route 5 parcel. The 1961 agreement added as a permitted use the operation of a gift and antique shop and museum. It

was also recorded and provided that its covenants were to run with the land and be binding upon Daniels and his successors in interest.

In 1979, the City adopted a new zoning ordinance under which the Route 5 parcel was zoned commercial without conditions or limitations. Defendants William L. June, Sr. and Rosalie June are successors, by deed from Daniels, to a portion of the Route 5 parcel. Defendants David W. Howe and Linda M. Howe are contract vendees of the Junes who proposed to operate a used car business on the premises, a permissible use under the 1979 Zoning Ordinance. The Howes were successful in obtaining a determination by the City Zoning Board of Appeals that the 1955 and 1961 agreements between the City, Palmer and Daniels limiting the commercial use of the Route 5 parcel were superceded by the 1979 Zoning Ordinance. However, that determination was annulled in a prior CPLR article 78 proceeding brought by plaintiffs, who are owners of residential lots sold by Daniels out of the original Palmer tract, on the ground that the Zoning Board of Appeals had no jurisdiction to adjudicate whether the 1955 and 1961 agreements had created a restrictive covenant enforceable by successors in interest to Palmer and Daniels in the residential portion of the original tract.

Plaintiffs thereupon brought the instant action to obtain a judicial declaration that the 1955 and 1961 agreements between the City, Palmer and Daniels created an enforceable restrictive covenant barring the operation of a used car business on the Route 5 parcel. The Junes and Howes cross-claimed and commenced a third-party action against all remaining owners of lots in the residential portion of the original Palmer tract. On cross motions for summary judgment, Supreme Court concluded that no restrictive covenant enforceable by the owners of the residential lots had been created and that the 1955 and 1961 agreements did not constitute a restriction on the use of the Route 5 parcel separate and apart from the current City Zoning Ordinance. This appeal followed.

There should be an affirmance. Because the law favors free and unencumbered use of real property, covenants purporting to restrict such use are strictly construed and restraints will be enforced only where their existence has been established with clear and convincing proof by the dominant landowner *(see, Witter v Taggart,* 78 NY2d 234, 237-238). In order to establish that the restrictions on commercial use of the Route 5 parcel contained in the 1955 and 1961 agreements between

the City, Palmer and Daniels constituted an enforceable covenant running with the lands sold as residential lots in the Palmer tract, plaintiffs had to establish, by such clear and convincing proof, *inter alia,* that "the parties intended its burden to attach to the servient parcel *and its benefit to run with the dominant estate" (Orange & Rockland Utils. v Philwold Estates,* 52 NY2d 253, 262 [emphasis supplied]). As nonparties to the 1955 and 1961 agreements between the owners of the Route 5 parcel and the City, plaintiffs' standing to enforce the covenants is dependent upon a showing of "the clear intent to establish the restriction for the benefit of the party suing or his grantor" *(Equitable Life Assur. Socy. v Brennan,* 148 NY 661, 672; *see, Bristol v Woodward,* 251 NY 275, 284 [Cardozo, Ch. J.]; *Vogeler v Alwyn Importing Corp.,* 247 NY 131, 136).

Supreme Court was entirely correct in concluding that the undisputed facts militate against any inference, let alone clear and convincing proof, that the City, Palmer and Daniels, in entering into the 1955 and 1961 agreements, intended to create a benefit running with the land in favor of the residential lots then also owned by Palmer or Daniels. As Supreme Court noted, the background of the 1955 agreement between the City, Palmer and Daniels and its express terms demonstrate that it was purely and simply an agreement to implement the conditional zoning change of the Route 5 parcel from residential to business and commercial. The restrictions on commercial use set forth in that agreement (which conditioned the rezoning) were imposed as "a means of achieving some degree of flexibility in land-use control by minimizing the potentially deleterious effect of a zoning change on neighboring properties" *(Collard v Incorporated Vil. of Flower Hill,* 52 NY2d 594, 602). Thus, the City did not impose the restricting conditions set forth in the 1955 and 1961 agreement in order to create property rights adhering to the residential lots of Palmer and Daniels, but to "harmonize the landowner's need for rezoning with the public interest" *(supra,* at 602). The 1955 and 1961 agreements were entered into by the City pursuant to its zoning power, and the City was free to modify or abandon their terms and conditions when changed circumstances dictated that the restrictions were no longer in the public interest; nearby property owners never acquired any vested right to block such action by the City *(see, Rodgers v Village of Tarrytown,* 302 NY 115, 121).

The alternative argument for reversal is that the recording of the 1955 agreement between the City, Palmer and Daniels

and the map of Cowassalon Gardens annexed thereto constituted the adoption of a common or general plan of development creating equitable rights of enforcement of the limitations on use of the Route 5 parcel on behalf of the owners of lots within the development. The existence of such a general or common plan "must be established by clear and definite proof" *(Huggins v Castle Estates,* 36 NY2d 427, 432). No such proof has been submitted here. As previously discussed, the 1955 agreement merely constituted the implementation of conditional zoning of the Route 5 parcel and, thus, cannot be construed as reflecting a general plan of development. The recording of the map of Cowassalon Gardens with the agreement served functions other than to establish a binding general plan of development, e.g., to fix the setback and building lines agreed to by Palmer and Daniels for the motel and restaurant and gasoline station permitted under the agreement. No declaration of covenants and restrictions was recorded with the map and, in the 1961 agreement, after most of the residential lots were already sold, the City and Daniels expanded the permissible commercial uses of the Route 5 parcel without obtaining any of the residential owners' consents. Thus, the record fails to establish with sufficient clarity and definiteness that a general plan of development existed or that a prospective purchaser of a residential lot in the original Palmer tract would have reasonably inferred its existence *(see, supra,* at 432-433).

Weiss, P. J., Mikoll, Yesawich and Mercure, JJ., concur. Ordered that the order and judgment are affirmed, with costs.