[689 NYS2d 317]

NATURE CONSERVANCY et al., Plaintiffs, and MADALYN EISEN-
BERG et al., Appellants, v SCOTT CONGEL et al., Respon-
dents, et al., Defendant.

Fourth Department, March 19, 1999

APPEARANCES OF COUNSEL

*Cote & Limpert*, Syracuse (*Samuel M. Fetters* of counsel), for appellants.

*Costello, Cooney & Fearon, L. L. P.*, Syracuse (*Robert Smith* of counsel), for Scott Congel, respondent.

*Baer Marks & Upham, L. L. P.*, New York City (*Donald Swider* of counsel), and *Dadd & Nelson, P. C.*, Attica, for Milestone Materials, respondent.

**OPINION OF THE COURT**

CALLAHAN, J.

Madalyn Eisenberg, Henry Eisenberg, M.D., Carol Dana and Sidney T. Dana, M.D. (plaintiffs) are the owners of real property for whose benefit a restrictive covenant was imposed in a deed from the predecessor in title of Scott Congel and Milestone Materials (Milestone) (collectively defendants). At issue on this appeal is whether plaintiffs may enforce the covenant as third-party beneficiaries despite the absence of any privity between the grantor and plaintiffs. Supreme Court concluded that plaintiffs are "strangers to the deed" and could not enforce the restrictive covenant. We disagree.

Plaintiffs' residential property is located on Woodchuck Hill Road in the Town of DeWitt. It is adjacent to a picturesque rural area known as the "Buffer Lands", containing White Lake Swamp, wetlands and forest with some rare and endangered species. The area was previously owned by the Allied Corporation (Allied), which operated a quarry that was separated from the residential lots on Woodchuck Hill Road by the undeveloped Buffer Lands. In 1986 Allied sold its property to General Crushed Stone Company (General Crushed Stone), which subsequently became Milestone by merger. The deed from Allied to General Crushed Stone contained the following restrictive covenant that is at issue on appeal: "Buffer Lands. The 'Buffer Lands' are that part of the premises hereby conveyed lying northerly of the 'Approx. Escarpment Line' as shown on a map entitled 'The Solvay Process Company, New York, Syracuse Plant, Inventory Map—Jamesville Quarry, Land in Towns of Dewitt and Manlius, 31949' (said map to be filed in the Of-

fice of the Onondaga Clerk simultaneously with the recording of this deed). The Grantee covenants on behalf of itself, its successors and assigns, that so long as any part of the premises hereby conveyed is used as a quarry, the Buffer Lands will remain in their natural state. This covenant shall be a covenant running with the land, binding on and enforceable against the Grantee, its successors and assigns. This covenant is for the benefit of and enforceable by all parties owning property adjoining the premises hereby conveyed and the Grantor, its successors and assigns. This covenant is also enforceable by Nature Conservancy."

In 1997 Congel purchased 461.45 acres of the Buffer Lands from Milestone. Congel intended to develop the property by constructing thereon a personal residence and erecting a perimeter fence. The deed conveying the premises to Congel recited that it was "[s]ubject to all other title matters of record."

Plaintiffs* commenced this action to enforce the restrictive covenant in the Allied deed and to enjoin Congel from destroying the "natural state" of the Buffer Lands by constructing a residence and erecting barriers thereon. Plaintiffs moved for a preliminary injunction, and each defendant cross-moved to dismiss the complaint.

In a lengthy written decision, Supreme Court agreed with defendants that plaintiffs could not enforce the restrictive covenant because they are strangers to the deed. In declining to follow this Court's holding in *Zamiarski v Kozial* (18 AD2d 297), the court noted that "in the subsequent thirty-four years no other appellate court has cited *Zamiarski* to reaffirm support for said legal position" and concluded that such decision "appears to be in direct contravention to the Court of Appeals holding in [*Matter of Estate of Thomson v Wade* (69 NY2d 570)]". The court further concluded that the covenant does not run with the land and is unenforceable by injunction by reason of RPAPL 1951 (1). The court denied plaintiffs' motion and granted defendants' cross motions. We conclude that the order should be reversed, plaintiffs' motion granted, defendants' cross motions denied and the complaint reinstated. "[T]he law has long favored free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them" (*Witter v Taggart,* 78 NY2d 234, 237; *see, Huggins v Castle Estates,* 36 NY2d 427, 430; *Buffalo Acad-*

---

* Although The Nature Conservancy was originally a party to this action, it has executed a stipulation of discontinuance and is no longer a party.

*emy of Sacred Heart v Boehm Bros.,* 267 NY 242, 249). Such covenants will be enforced only where the dominant landowner has established their existence by clear and convincing proof (*see, Witter v Taggart, supra,* at 238; *Huggins v Castle Estates, supra,* at 430).

In *Korn v Campbell* (192 NY 490, 495-496, *rearg denied* 193 NY 626), the Court of Appeals enumerated three classes of cases in which restrictive covenants may be enforced by persons other than the grantor or covenantee. Those classes are: (1) a uniform restriction imposed by a common grantor as part of a general plan or scheme for the benefit of all the grantees in a real estate subdivision or development may be enforced by all such grantees against each other; (2) a covenant imposed for the benefit of the grantor's remaining land may be enforced by the grantor against any grantees of the restricted land; and (3) mutual covenants between the owners of adjoining lands producing corresponding benefits to such owners may be enforced by the owners or their assigns against each other. Relying upon *Korn v Campbell (supra),* Supreme Court concluded that, because plaintiffs did not fall within any of the three classes, the covenant was a mere "gratuitous restriction" on behalf of persons not involved in the deed. That was error. The Court in *Korn* went on to note that it did "not mean to intimate that special circumstances may not exist in which a case not within the three classes above referred to may present considerations which would justify the enforcement of such a covenant in a court of equity" (*Korn v Campbell, supra,* at 498).

Subsequently, New York courts adopted the view that an owner of neighboring land, for whose benefit a restrictive covenant is imposed by a grantor, may enforce the covenant as a third-party beneficiary despite the absence of any privity of estate between the grantor and the neighbor (*see, Vogeler v Alwyn Improvement Corp.,* 247 NY 131, 135-137; *Zamiarski v Kozial, supra,* at 299). In *Zamiarski (supra,* at 299), our Court held that "New York courts are now committed to the view that the third-party beneficiary is entitled to enforce the restrictive covenant in a situation of this kind". Our Court went on to state:

"Upon the adoption of that theory by the New York courts, the enforcibility [*sic*] of restrictive covenants was no longer limited to the three classes enumerated in *Korn v. Campbell (supra).* The question then became one solely of intention. The owner of the land intended to be benefited had the right to enforce the covenant, even though he did not come within any

one of the enumerated classes. Of course, if the person seeking to enforce the covenant came within one of the classes, that would clearly establish that he was one of those intended to be benefited. But the need to bring the case within one of the enumerated classes would arise only in a State in which the general rule prevailed 'that a third party may not enforce a contract made for his benefit' (*Vogeler* v. *Alwyn Improvement Corp.*, [*supra*, at 136-137]).

"In this State, even with respect to actions at law, the trend for a long time has been strongly in the direction of allowing a donee beneficiary to recover upon a promise intended for his benefit without a showing of any additional element. * * * The law of New York now seems to be in accord with the majority view reflected in the Restatement of Contracts (§ 135), that a donee beneficiary may recover in an action at law, merely upon a showing that the promisee intended to make a gift to him of the benefit of the promise" (*Zamiarski v Kozial, supra,* at 301).

In this case, the court declined to follow the third-party beneficiary doctrine set forth in *Zamiarski,* concluding that it was in direct contravention to the long-accepted rule in this State "that a deed with a reservation or exception by the grantor in favor of a third party, a so-called 'stranger to the deed', does not create a valid interest in favor of that third party" (*Matter of Estate of Thomson v Wade, supra,* at 573-574; *see, Tuscarora Club v Brown,* 215 NY 543). We note, however, that *Thomson* concerned the enforceability of an easement, not a restrictive covenant. Although restrictive covenants have been commonly categorized as "negative easements" because they restrain servient landowners from making otherwise lawful uses of their property (*Witter v Taggart, supra,* at 237), a negative easement is not a true easement. An easement entitles the owner of land to use the land of another for some purpose. Indeed, the parties concede that the restrictive covenant in this case is not a conservation easement (*see,* ECL 49-0301). Furthermore, we note no cases following *Thomson* that apply to restrictive covenants; rather, they apply only to easements. This suggests that the rule enunciated in *Thomson* is limited to easements (a reservation or exception), and is not applicable to restrictive covenants, which do not constitute a reservation or exception (*see, Vogeler v Alwyn Improvement Corp., supra,* at 135).

Contrary to the court's conclusion, this Court's decision in *Zamiarski* remains good law, as recognized by the leading treatises (*see,* Friedman, Contracts and Conveyances of Real

Property § 4.13 [a], at 611 [6th ed]; 1 Rasch, New York Law and Practice of Real Property § 19:41, at 585 [2d ed]; 2 NY Real Property Service § 21:49, at 52; Annotation, *Who May Enforce Restrictive Covenant or Agreement as to Use of Real Property*, 51 ALR3d 556). Plaintiffs, as owners of the property adjoining the Buffer Lands, for whose benefit the restrictive covenant was included in the deed from Allied to defendants' predecessor in title, may enforce the covenant as third-party beneficiaries despite the absence of any privity between the original grantor and plaintiffs (*see, Vogeler v Alwyn Improvement Corp., supra,* at 136-137; *Zamiarski v Kozial, supra,* at 301-302). The covenant states that it is "for the benefit of and enforceable by all parties owning property adjoining the premises hereby conveyed". In addition, plaintiffs submitted evidentiary proof establishing the original grantor's intent to benefit them as the adjoining property owners.

There is likewise no merit to the court's alternative conclusion that the restrictive covenant should be extinguished pursuant to RPAPL 1951 (1) (*see, Cody v Fabiano & Sons,* 246 AD2d 726, *lv denied* 91 NY2d 814). Furthermore, the court misconstrued the language of the restrictive covenant requiring that the Buffer Lands remain in their "natural state". Courts have upheld similar restrictions as properly requiring property to remain in its natural state (*see, e.g., Zinda v Krause,* 191 Wis 2d 154, 166-167, 528 NW2d 55, 59; *cf., Burritt v Lilly,* 40 Mass App Ct 29, 661 NE2d 102, *review denied* 422 Mass 1106, 663 NE2d 576).

Accordingly, the order should be reversed, plaintiffs' motion for a preliminary injunction granted, defendants' cross motions denied and the complaint reinstated.

DENMAN, P. J., GREEN and PINE, JJ., concur.

Order unanimously reversed, on the law, with costs, motion granted, cross motions denied and complaint reinstated.