■ TONY OURSLER et al., Appellants, v WOMEN'S INTERART CENTER, INC., Respondent.—Order, Supreme Court, New York County (Myriam J. Altman, J.), dated November 16, 1989, which, *inter alia,* granted defendant's motion for partial summary judgment dismissing plaintiffs' first and eighth causes of action, and denied plaintiffs' cross-motion for summary judgment dismissing defendant's first counterclaim, unanimously modified on the law to dismiss defendant's first counterclaim, and otherwise affirmed, without costs.

The defendant, Women's Interart Center, Inc., is a not-for-profit corporation which produces and exhibits arts projects funded by Federal, State and City grants and private donations. In 1983, defendant submitted an organizational grant application to the National Endowment for the Arts (NEA). The project for which the grant was sought was described as a "collaborative production among writer Constance DeJong, camera person Babette Mangolte and media artist Tony Oursler." The budget breakdown of estimated costs included proposed salaries of $10,000 each for a "Writer/Director" and "Video Director/Editor," referring indirectly to the plaintiffs DeJong and Oursler, respectively. In May, 1984, the NEA awarded a $30,000 grant to the defendant "to support the production of a videotape by Constance DeJong * * * and Tony Oursler as outlined in your application."

Over the next three years, the project proceeded sporadically, during which time DeJong was paid $9,300 in salary and Oursler was paid $2,685. In September, 1987, prior to taping, defendant submitted a proposed written agreement to the plaintiffs setting forth the rights and obligations of the parties, but plaintiffs refused to sign the contract. When attempts to reconcile the parties' differences failed, the defendant terminated the project. Plaintiffs sued for damages and an accounting on theories, as pertinent to this appeal, that plaintiffs were third-party beneficiaries of defendant's contract

with the NEA (first cause of action), and that defendant stood in a fiduciary relationship to plaintiffs so as to entitle plaintiffs to an equitable accounting of defendant's disbursements of NEA grant funds (eighth cause of action). Defendant counterclaimed for breach of contract. Defendant moved for partial summary judgment which was granted as to the first and eighth causes of action. The court also denied plaintiffs' cross-motion for summary judgment to dismiss defendant's counterclaim for breach of contract.

In order for plaintiffs to recover as third-party beneficiaries it must appear that "no one other than the third party can recover if the promisor breaches the contract * * * or that the language of the contract otherwise clearly evidences an intent to permit enforcement by the third party" *(Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 45). Neither of those conditions is met in this case. The NEA surely had the right to recover of defendant if defendant breached its contract with the NEA, and there is nothing in the grant documents clearly showing an intent by the NEA or defendant to permit enforcement of the contract by the plaintiffs. Plaintiffs were merely incidental beneficiaries of the contract between the NEA and defendant, and so may not sue upon it. The grant documents reveal that plaintiffs were to be employees of the defendant, or independent contractors. A conventional business relationship, without more, does not become a fiduciary relationship by mere allegation *(Payrolls & Tabulating v Sperry Rand Corp.,* 22 AD2d 595, 598). Accordingly, plaintiffs' causes of action based upon their purported status as third-party beneficiaries, and for an equitable accounting, were properly dismissed.

We modify, however, to grant plaintiffs' cross-motion to dismiss defendant's counterclaim for breach of contract. Defendant conceded that it was "not willing to proceed with the filming without either a signed agreement or a binding method to resolve the disagreement." It is well settled that "if the parties to an agreement do not intend it to be binding upon them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed" *(Scheck v Francis,* 26 NY2d 466, 469-470). Concur—Carro, J. P., Ellerin, Kupferman, Smith and Rubin, JJ.