■ ROCHELLE ASSOCIATES et al., Respondents-Appellants, v FLEET BANK OF NEW YORK, Appellant-Respondent. [645 NYS2d 798] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered October 19, 1995, which granted defendant's motion for summary judgment insofar as directed to plaintiffs' causes of action for fraud and economic duress and their demand for punitive damages, and denied the motion insofar as directed to plaintiffs' cause of action for breach of contract, modified, on the law, to grant the motion insofar as directed to the cause of action for breach of contract, and to dismiss the complaint in its entirety, and is otherwise affirmed, without costs.

The motion court erred in finding an issue of fact as to whether defendant bank's refusal to close on the loan was properly based on a reasonable reading of the environmental reports on which the loan was conditioned, or improperly based on the economic motive of avoiding a reduced profit due to the rise in interest rates subsequent to issuance of the commitment letter. No genuine issue of fact exists as to the reasonableness of defendant's reading of the reports as unsatisfactory (*see, International Mins. & Min. Corp v Citicorp N. Am.*, 736 F Supp 587, 596, n 8, citing *Markowitz v Republic Natl. Bank*, 651 F2d 825, 828). Accordingly, the cause of action for breach of contract should have been dismissed on the ground that defendant was not obligated to close given unsatisfactory

environmental reports. It also should have been dismissed as barred by the "Waiver & Release" provisions of the parties' escrow agreement, wherein plaintiffs agreed not to bring "any suit, action or proceeding * * * in connection with the Lenders' agreement to close in escrow or Lenders' undertaking of the Environmental Investigation regardless of whether the Final Closing ever occurs, or under this Escrow Agreement, whether arising in connection with the terms herein set forth, or set forth in the Commitment Letter, or out of any of the negotiations or communications entered into by any of the parties prior to the execution of the Escrow Agreement" (*see, Metropolitan Life Ins. Co. v Noble Lowndes Intl.*, 84 NY2d 430, 438). The causes of action for fraud and economic duress, alleging that defendant did not intend to fulfill its obligations under the commitment letter and escrow agreement, were properly dismissed as constituting a mere restatement of the cause of action for breach of contract. A cause of action for breach of contract cannot be converted into one for fraud by merely alleging that defendant did not intend to fulfill the contract (*Bencivenga & Co. v Phyfe*, 210 AD2d 22), and a party cannot be guilty of economic duress for refusing to do that which it is not legally required to do (*805 Third Ave. Co. v M.W. Realty Assocs.*, 58 NY2d 447, 453). Also properly dismissed was the claim for punitive damages, there being no proof that the wrong alleged was part of a pattern of similar conduct directed at the public generally (*Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 613). Concur—Milonas, J. P., Rosenberger, Williams and Mazzarelli, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Tompkins, J.