■ WILLIAM J. BLUM, Appellant, v NEW YORK STOCK EXCHANGE, INC., Respondent. [678 NYS2d 374] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered May 23, 1997, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed, with costs.

The plaintiff has been a member of the New York Stock Exchange, Inc. (hereinafter the Exchange) since 1973. Due to hip replacement surgery in 1983, the plaintiff is unable to stand for long periods of time, and for over 12 years, the Exchange accommodated his disability by permitting him to sit on a stool adjacent to his trading booth. However, in February 1996, the Exchange withdrew its permission for the plaintiff to use a stool on the trading floor because his booth is located in an aisle designated as an emergency evacuation route. After the parties were unable to reach a compromise, the plaintiff commenced this action against the Exchange, seeking damages on theories including breach of contract, tortious interference with business relations, and breach of fiduciary duties. The defendant thereafter moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), and the Supreme Court granted its motion. We affirm.

Contrary to the plaintiff's contention, the Supreme Court did not err in dismissing his causes of action to recover damages for breach of contract and tortious interference with business relations. These causes of action are barred by the Exchange's Constitution, which provides that it will not be liable for any damages by a member "growing out of the use or enjoyment by such member * * * of the facilities afforded by the Exchange" (*see, Rochelle Assocs. v Fleet Bank*, 230 AD2d 605). In any event, the plaintiff's cause of action based on tortious interference with business relations fails to state a cause of action because there is no indication that the Exchange's actions were motivated solely by malice or effectuated by unlawful means (*see, Shapiro v Central Gen. Hosp.*, 251 AD2d 317; *M.J.& K. Co. v Matthew Bender & Co.*, 220 AD2d 488; *Pamilla v Hospital for Special Surgery*, 223 AD2d 508). Furthermore, the plaintiff's cause of action to recover damages for breach of a fiduciary duty was also properly dismissed, since he has not alleged facts sufficient to transform his business relationship with the Exchange into a fiduciary relationship (*see, RSA Distribs. v Contract Furniture Sales*, 248 AD2d 370; *CFSC Capital Corp. XXVII v Bachman Mech. Sheet Metal Co.*, 247 AD2d 502; *Oursler v Women's Interart Ctr.*, 170 AD2d 407, 408).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Ritter, Thompson and Krausman, JJ., concur.