■ SUMITOMO BANK OF NEW YORK TRUST COMPANY, Appellant, v JOSEPH DIBENEDETTO et al., Respondents. [681 NYS2d 248] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered May 7, 1998, dismissing the complaint, and bringing up for review an order, same court and Justice, entered April 30, 1998, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In an action for tortious interference with contractual and precontractual relations against the attorneys for a town with which plaintiff Trustee of noteholders had contractual relations, the town's liability for payment of the notes, not in issue in this action, allegedly depends on whether it was unable, after using good faith efforts, to find a replacement operator for its waste facility, and the town's attorneys' liability for tortious interference allegedly arises by reason of their threats to a prospective replacement operator that if it did not withdraw its proposal to operate the facility, "its ability to do business thereafter with the Town * * * would be severely compromised". We agree with the motion court that such threat, which was undisputedly made for a valid economic purpose, neither amounted to improper means (*cf.*, *Newburger, Loeb & Co. v Gross*, 563 F2d 1057, 1080, *cert denied* 434 US 1035), nor was actuated by malice (*see*, *Blum v New York Stock Exch.*, 253 AD2d 835, 836; *Beatie v DeLong*, 164 AD2d 104, 109), and is therefore insufficient to sustain the complaint. In view of the foregoing, we need not reach the alternative grounds urged for affirmance. Concur—Sullivan, J. P., Rosenberger, Wallach and Mazzarelli, JJ.