(April 25, 2006)

■ CLARK CONSTRUCTION CORPORATION et al., Appellants, v BLF REALTY HOLDING Co. et al., Respondents. CLARK CONSTRUCTION CORPORATION et al., Appellants-Respondents, v BLF REALTY HOLDING Co. et al., Respondents-Appellants. [814 NYS2d 63]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about December 1, 2004, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion to renew but adhered to the court's original order and judgment (one paper), same court and Justice, entered August 16, 2004, which granted defendants' cross motion for summary judgment dismissing plaintiffs' first, second and third causes of action for injunctive relief, specific performance and breach of contract, denied plaintiffs' cross motion for summary judgment on those causes of action and for an extension of plaintiffs' notice of pendency and granted defendants summary judgment on their fourth through sixth and seventh through ninth counterclaims for ejectment and use and occupancy, respectively, and granted plaintiffs' motion for summary judgment dismissing defendants' first through eighth and tenth and eleventh affirmative defenses and their first through third and tenth counterclaims and ordering defendants to maintain a

$500,000 bond and post an additional $400,000, unanimously modified, on the law, to the extent of denying defendants' cross motion for summary judgment dismissing plaintiff Clark Construction Corp.'s first and second causes of action, reinstating those causes of action, denying defendants summary judgment on their fourth counterclaim for ejectment against Clark, granting the motion to extend Clark's lis pendens, granting defendants' cross motion for summary judgment dismissing plaintiffs' fifth cause of action for fraud and cancelling defendants' undertaking, and otherwise affirmed, without costs, and the matter remanded for further proceedings. Appeal from the aforementioned order and judgment (one paper) entered August 16, 2004 unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.

In this action by a commercial tenant and two residential tenants of a loft building at 117-119 Hudson Street in Tribeca based upon their landlord's alleged oral agreement to convert the building to condominium ownership and to sell them their units at favorable below market prices, the motion court properly granted defendants summary judgment dismissing the residential tenants' causes of action for injunctive relief, specific performance and breach of the alleged agreement. The merger clauses in their leases and the parol evidence rule bar the residential tenants from relying on their claimed part performance to take the alleged oral agreement out of the statute of frauds. Moreover, inasmuch as neither of the residential tenants is entitled to protection under the Loft Law (Multiple Dwelling Law art 7-C), the granting of summary judgment on the counterclaims for ejectment as to them was also proper. Their leases had expired, each had received a notice of termination, and their only opposition to ejectment was that there could be no summary judgment on those counterclaims until their contract claims were dismissed.

However, inasmuch as the commercial tenant had no written lease containing a similar merger clause, there is no basis for barring its contract claim pursuant to the parol evidence rule or the statute of frauds. Nor is there any basis for the motion court's finding that the granting of specific performance would be impractical and would require judicial supervision over a long period of time. Ejectment should also have been denied as to the commercial tenant and the notice of pendency extended with respect to such claim. Since the lis pendens is being extended, there is no basis for requiring defendants to post an undertaking pursuant to CPLR 6515.

Plaintiffs' fifth cause of action for fraud should also have

been dismissed as duplicative of their contract claims inasmuch as it alleges no factual basis for recovery other than defendants' alleged failure to keep their alleged promises and there are no damages sought that would not be recoverable under a contract measure of damages (*see Coppola v Applied Elec. Corp.*, 288 AD2d 41, 42 [2001]).

We have considered the parties' other points and find them unpersuasive. Concur—Buckley, P.J., Mazzarelli, Andrias, Saxe and Williams, JJ.