■ Town House Stock LLC et al., Respondents, v Coby Housing Corp. et al., Appellants, et al., Defendant. [828 NYS2d 366]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered September 11, 2006, which denied in part defendants' motion to dismiss the complaint, unanimously modified, on the law, to grant the motion insofar as to dismiss plaintiffs' claim alleging fraudulent inducement, and otherwise affirmed, without costs.

Given this action's connection to the prior New York litigation and plaintiffs' claim that defendants breached the stipulation of settlement in the prior action, the motion court properly exercised its discretion in declining to grant that branch of defendants' motion seeking dismissal or a stay pursuant to CPLR 3211 (a) (4) or CPLR 2201 (see Continental Ins. Co. v Garlock Sealing Tech., LLC, 23 AD3d 287 [2005]; San Ysidro Corp. v Robinow, 1 AD3d 185, 186 [2003]).

However, defendants' motion should have been granted insofar as to dismiss plaintiffs' claim for fraudulent inducement, since that claim was not sufficiently distinct from plaintiffs' claim for breach of contract. General allegations that a party entered into a contract with the intention not to perform it are insufficient to support a claim for fraud (see Hawthorne Group v RRE Ventures, 7 AD3d 320, 323-324 [2004]; Rochelle Assoc. v Fleet Bank of N.Y., 230 AD2d 605, 606 [1996], lv dismissed 89 NY2d 1030 [1997]). The alleged misrepresentations were not collateral or extraneous to the contract since the settlement agreement required the parties to close on the option contract and there are no damages sought that would not be recoverable under a contract measure of damages (see Clark Constr. Corp. v BLF Realty Holding Co., 28 AD3d 367, 368-369 [2006]; Gupta Realty Corp. v Gross, 251 AD2d 544, 545 [1998]). Concur—Andrias, J.P., Saxe, Buckley, Gonzalez and McGuire, JJ.