■ CITI MANAGEMENT GROUP, LTD., Appellant, v HIGHBRIDGE HOUSE OGDEN, LLC, Respondent and Third-Party Plaintiff-Respondent. LESLIE M. WESTREICH et al., Third-Party Defendants-Appellants. [847 NYS2d 33]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered August 9, 2007, which denied the motions by plaintiff and third-party defendants to dismiss the counterclaim and the third-party complaint, respectively, unanimously affirmed, with costs.

At this stage of the litigation, defendant is permitted to plead in the alternative (*see* CPLR 3014). Based upon the varying allegations suggesting affirmative deception, the claims for breach of the implied covenant of good faith and fair dealing, and for fraud, should not be dismissed as duplicative of the breach-of-contract cause of action at this juncture (*cf. Town House Stock LLC v Coby Hous. Corp.*, 36 AD3d 509 [2007]).

Given the contractual relationships between the parties and the potential application of the special facts doctrine, defendant has stated a cause of action in both its counterclaim and third-

party action for fraudulent concealment (*see generally Mitschele v Schultz*, 36 AD3d 249 [2006]). In addition, a claim for tortious interference with prospective economic advantage in both pleadings may be sustained at this juncture in light of the allegations that "wrongful means" were utilized to prevent prospective tenant Daval from possessing the garage premises (*see Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183 [1980]; *cf. Carvel Corp. v Noonan*, 3 NY3d 182 [2004]). Minimally, defendant is losing rent, and thus an "economic advantage," with the passage of each day under the lease term.

The allegations of tortious conduct on the part of third-party defendants Yashar and Westreich may give rise to liability in their individual capacities (*see First Bank of Ams. v Motor Car Funding*, 257 AD2d 287, 294 [1999]). We perceive no basis for the dismissal of defendant's first, second or third affirmative defenses (*see Riland v Todman & Co.*, 56 AD2d 350 [1977]). We have considered appellants' remaining arguments and find them unavailing. Concur—Lippman, P.J., Nardelli, Buckley, Gonzalez and Sweeny, JJ.