■ CLARK CONSTRUCTION CORPORATION, Respondent, et al., Plaintiffs, v BLF REALTY HOLDING CORP. et al., Appellants. [863 NYS2d 674]—

Order, Supreme Court, New York County (Shirley Kornreich, J.), entered January 24, 2008, which, upon reargument, adhered to a prior ruling denying defendants' motion for partial summary judgment on the second and third causes of action in the third amended complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 29, 2007, denying defendants' earlier motion for partial summary judgment, unanimously dismissed, without costs, as superseded by the appeal from the later order.

In our prior decision reinstating plaintiffs' breach of contract claims (28 AD3d 367 [2006], *lv denied* 7 NY3d 717 [2006]), we implicitly rejected defendants' reliance on the Martin Act (General Business Law art 23-A) as a basis for summary dismissal. Because the existence of the two additional tenants has been apparent throughout the litigation, there was no new evidence calling for additional consideration. The motion court correctly found that our ruling on the prior appeal constituted law of the case (*see J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 45 AD3d 809 [2007]; *City of New York v Stringfellow's of N.Y.*, 268 AD2d 216 [2000], *affd* 96 NY2d 51 [2001]). Defendants had a full and fair opportunity to litigate when they made their prior motions, but declined to avail themselves of that opportunity.

The court also correctly determined that there are issues of fact as to whether the oral contract with Clark Construction was a private or public offering (*see generally People v Landes*, 84 NY2d 655 [1994]; General Business Law § 352-e [1] [a]; § 352-eeee). Concur—Mazzarelli, J.P., Andrias, Saxe, Friedman and Acosta, JJ. [*See* 2008 NY Slip Op 30193(U).]