[912 NYS2d 370]

DARLENE JENOURE, Appellant, v BODY SOLUTIONS PLUS, LLC OF WESTBURY et al., Respondents.

Supreme Court, Appellate Term, Second Department, November 8, 2010

### APPEARANCES OF COUNSEL

*Darlene Jenoure*, appellant pro se.

### OPINION OF THE COURT

MEMORANDUM.

Ordered that the judgment is reversed without costs and the matter is remitted to the District Court for a determination de novo following a new inquest.

Plaintiff brought this small claims action to recover the principal sum of $1,640 (*sic*) from defendants. Defendants defaulted, and an inquest was held. At the inquest, plaintiff testified that, following a free consultation, she had entered into a written "procedure agreement" with defendant Body Solutions Plus, LLC of Westbury, pursuant to which that defendant was to provide liposuction services to plaintiff in return for the principal sum of $12,995, which was payable to defendant Chase Health Advance. The procedure agreement included a 30% cancellation fee. Plaintiff stated that after she had signed the procedure agreement, she had spoken with her physician, who had advised her that liposuction was medically contraindicated for her. Plaintiff testified that the next business day after she had signed the procedure agreement, she had explained the situation to defendants' representative, and had been told that she would not be responsible for payment of the cancellation fee under the procedure agreement, but would only be charged a "small sum" for five Polaroid photographs. However, plaintiff stated, defendants' representative had subsequently advised her that she was obligated to pay $1,650 (*sic*) for the five photographs; she testified that she had repeatedly disputed this sum as exorbitant but had paid it after she had been told by defendants' representative that a failure to pay would affect her credit rating.

Following the inquest, the District Court dismissed the complaint upon a finding that, in signing the procedure agreement, plaintiff had agreed to pay a 30% cancellation fee.

Plaintiff's testimony at the inquest indicated that defendants had released her from the procedure agreement upon learning of the physical restrictions that made her an inappropriate candidate for liposuction, and that the payment she had made to defendant Chase Health Advance was not made pursuant to the procedure agreement, but rather was to reimburse defendants for five Polaroid photographs. Thus, the District Court's conclusion, that the provisions of the procedure agreement were dispositive as to the propriety of the payment disputed in this case, did not accord with the testimony presented and failed to effect substantial justice according to the rules and principles of substantive law (UDCA 1807).

While, under the voluntary payment doctrine, in the absence of fraud or material mistake of fact or law, reimbursement is not available for payments voluntarily made with full knowledge of the facts (*see Dillon v U-A Columbia Cablevision of Westchester*, 100 NY2d 525, 526 [2003]), the voluntary payment doctrine is inapplicable where the payment is made under an appropriate protest or the circumstances attending the payment demonstrate the payor's intention to preserve the right to dispute the legality of the payee's demand (82 NY Jur 2d, Payment and Tender § 83). The voluntary payment doctrine is likewise inapplicable where, by coercion or duress, the payee deprives the payor of a choice of whether to make the payment (82 NY Jur 2d, Payment and Tender § 88).

Based on plaintiff's testimony at the inquest, it was incumbent on the District Court to make a determination as to whether plaintiff's right to recover her payment was barred under the voluntary payment doctrine, or whether, either because plaintiff had been coerced into making the payment or because she had appropriately protested the payment at the time it was made, plaintiff's claim fell outside the strictures of the voluntary payment doctrine. Accordingly, the judgment is reversed and the matter is remitted to the District Court for a determination de novo following a new inquest.

MOLIA, J.P., TANENBAUM and LaCAVA, JJ., concur.