*506 In a prior appeal, we held that the promissory note contained a clause selecting New York as the forum (97 AD3d 401, 402 [1st Dept 2012]). The motion court correctly found that this ruling constituted law of the case, since defendant had a full and fair opportunity to litigate the issue in the prior appeal. The expert witness evidence that defendant proffered following that appeal in support of his claim that the note contained only a choice of law clause does not constitute “subsequent” or “new” evidence that was previously unavailable for the purpose of avoiding the law of the case doctrine (see Carmona v Mathisson, 92 AD3d 492, 492-493 [1st Dept 2012]; Clark Constr. Corp. v BLF Realty Holding Corp., 54 AD3d 604 [1st Dept 2008]). Given the binding ruling as to the forum selection clause, the court correctly found that defendant was barred from asserting a defense based on lack of jurisdiction.
The court’s finding that defendant’s conduct in connection with certain discovery requests was willful and contumacious is supported by the record; thus, the court properly imposed the discovery sanction of striking defendant’s first counterclaim and his first and ninth affirmative defenses as a result of that conduct (see Matter of Lawrence, 106 AD3d 607, 610 [1st Dept 2013]). Concur — Tom, J.P., Saxe, Moskowitz, Gische and Clark, JJ.