■ In the Matter of EAST 51ST STREET CRANE COLLAPSE LITIGATION. EAST 51ST STREET DEVELOPMENT COMPANY LLC et al., Respondents, v LINCOLN GENERAL INSURANCE COMPANY et al., Defendants, and AXIS SURPLUS INSURANCE COMPANY, Appellant. [980 NYS2d 758]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered June 5, 2013, which, in this action for a declaratory judgment, denied defendant AXIS Surplus Insurance Company's motion for an order declaring: (1) the remaining limit of liability on the policy of liability insurance issued by it to Reliance Construction Ltd.; and (2) that it has no further duty to defend or pay defense costs to plaintiffs upon payment of the declared limit, except to declare that the remaining limit of liability on the policy is $1,000,000, unanimously affirmed, with costs.

Our determination on the prior appeal (*Matter of East 51st St. Crane Collapse Litig.*, 103 AD3d 401 [2013]), that the ambiguity of whether "expenses" under the policy includes defense costs must be construed against AXIS, the insured, and that the policy does not provide for defense within limits, constitutes the law of the case and forecloses subsequent review of essentially the same issue (*see Board of Mgrs. of the 25 Charles St. Condominium v Seligson*, 106 AD3d 130, 135 [1st Dept 2013]). There is no new evidence requiring additional consideration (*Clark Constr. Corp. v BLF Realty Holding Corp.*, 54 AD3d 604, 604 [1st Dept 2008]). We note, however, that our conclusion on the prior appeal conveys a continuing obligation on the part of AXIS to defend plaintiff East 51st Street, regardless of whether such defense expenses exceed the policy limit. Accordingly, the motion court's finding that no amounts incurred in the defense of East 51st Street eroded the policy limits comports with our prior ruling.

We have considered AXIS' additional arguments and find them unavailing. Concur—Tom, J.P., Friedman, Saxe, Richter and Clark, JJ.