■ SYLVIA NASAR, Appellant, v TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Respondent. [997 NYS2d 19]—

Judgment, Supreme Court, New York County (Manuel J. Mendez, J.), entered December 20, 2013, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 16, 2013, which granted defendant's motion to dismiss, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff has no standing to sue for money damages arising from a breach of the grant agreement since the funds belong entirely to defendant (*see* N-PCL 513). She does not fall within the "special interest" exception to the general rule (*see Alco Gravure, Inc. v Knapp Found.*, 64 NY2d 458, 465-466 [1985]). Her attempt to have the bulk of the corpus paid to her personally places her in conflict with future, undetermined beneficiaries of the fund (*see id.*; *Citizens Defending Libs. v Marx*, 2014 NY Slip Op 31449[U] [Sup Ct, NY County 2014]). Nor is plaintiff a third-party beneficiary of the grant agreement (*see Oursler v Women's Interart Ctr.*, 170 AD2d 407 [1st Dept 1991]). The agreement vests full discretion to choose the holder of the endowed chair, and to spend monies from the fund, in defendant. By the express terms of the agreement, disputes or changes to the grant are to be decided by the donor and defendant. Thus, there is no indication in the grant agreement that plaintiff is an intended rather than an incidental beneficiary.

As plaintiff has no interest in the funds provided by the grant agreement, she cannot state a cause of action for conversion or unjust enrichment. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Richter and Feinman, JJ. **[Prior Case History: 2013 NY Slip Op 32511(U).]**