(February 5, 2015)

■ THEODORE GRUNEWALD et al., Appellants, v METROPOLITAN MUSEUM OF ART et al., Respondents. FILIP SASKA et al., Appellants, v METROPOLITAN MUSEUM OF ART, Respondent. [3 NYS3d 23]—

Orders, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered October 30, 2013, which, inter alia, granted defendants' motions to dismiss the causes of action seeking to enjoin defendant museum's admission fee policy as breach of a statute and breach of a lease between the City of New York and defendant museum, unanimously affirmed, without costs.

This appeal arises out of two separate actions in which members of the public seek to challenge a policy by the Metropolitan Museum of Art (MMA), in place since 1970, to have all visitors at all times pay an entrance fee. While the fee is currently "recommended" at $25, visitors may pay as little at 1¢, but they must pay something. Prior to 1970, MMA entry was free to all visitors, at least on certain days and times. Plaintiffs in each of these actions claim that they paid for tickets to enter the museum on days and at times that they allege admission was required to be free. In addition to other causes of action, each complaint alleges that MMA's policy of charging an entry fee, in any amount, separately violates both certain legislation and the lease by which MMA occupies its home in Central Park. In each action, plaintiffs seek a permanent injunction to enforce a free admissions requirement.

The narrow issue before this Court is not whether the legislation relied upon and/or the lease mandate free admissions to MMA, but simply whether plaintiffs have standing to raise the issue.

Plaintiffs lack standing to sue under the 1893 statute. The statute authorizes the Department of Public Parks in the City of New York to apply for up to an additional $70,000 of funds to keep, preserve and exhibit the collections in the MMA. As an express condition of the authorization, the MMA shall be free of charge for five days per week, including Sunday and two evenings per week. Clearly there is no express private right of action. Nor is there an implied right of action consistent with the legislative scheme (*see Sheehy v Big Flats Com-*

*munity Day*, 73 NY2d 629, 633-635 [1989]). Regardless of whether the legislation is designated an appropriations bill or not, the plain language makes the two obligations of the bill interdependent. The Parks Department's authority to apply for the additional appropriations for MMA is expressly conditioned upon free admission. The plaintiffs in this case are not seeking to revoke the Parks Department's authorization to seek additional funds, but only to enforce the condition for that authority. No private remedy to enforce only the conditional portion of the statute is fairly implied. Nor would a private right of action to enforce only the condition be consistent with the mechanism of the statute (e.g. forfeiting the right to seek additional funds) (*see Rhodes v Herz*, 84 AD3d 1, 10 [1st Dept 2011], *lv dismissed* 18 NY3d 838 [2011]). We decline to reach the issue of whether the 1893 statute was impliedly overruled by later legislation.

Plaintiffs also lack standing to sue under the MMA's lease with the City as third party beneficiaries because the benefit to them is incidental and not direct (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 336 [1983]). Government contracts often confer benefits to the public at large. That is not, however, a sufficient basis in itself to infer the government's intention to make any particular member of the public a third party beneficiary, entitled to sue on such contract (*see Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38 [1985]; *Moch Co. v Rensselaer Water Co.*, 247 NY 160 [1928]; Restatement [Second] of Contracts § 313). In order for the benefit to be direct, it must be primary and immediate in such a sense and to such a degree as to demonstrate the assumption of a duty to provide a direct remedy to the individual members of the public if the benefit is lost (*Moch Co.* at 164 [Cardozo, Ch. J.]). Neither the language of the lease nor any other circumstances indicate that the parties intended to give these plaintiffs individually enforceable rights thereunder (*see Oursler v Women's Interart Ctr.*, 170 AD2d 407 [1st Dept 1991]; *Alicea v City of New York*, 145 AD2d 315 [1st Dept 1988]).

Plaintiffs' other contentions address unappealable dicta (*see Edge Mgt. Consulting v Irmas*, 306 AD2d 69 [1st Dept 2003]). Concur—Mazzarelli, J.P., DeGrasse, Manzanet-Daniels and Gische, JJ. **[Prior Case History: 42 Misc 3d 548.]**