Teledata Tech. Solutions, Inc. v Sandton Fund Assignments, LLC (2019 NY Slip Op 03889)





Teledata Tech. Solutions, Inc. v Sandton Fund Assignments, LLC


2019 NY Slip Op 03889


Decided on May 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2019

Gische, J.P., Kahn, Gesmer, Singh, Moulton, JJ.


9323 655866/17

[*1]Teledata Technology Solutions, Inc., et al., Plaintiffs-Appellants,
v
Sandton Fund Assignments, LLC, Defendant-Respondent.


Rattet PLLC, White Plains (Robert L. Rattet and James B. Glucksman of counsel), for appellants.
Pryor Cashman LLP, New York (Andrew M. Goldsmith and Ronald S. Beacher of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered May 10, 2018, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the complaint, and denied plaintiffs' cross motion for leave to amend the complaint, unanimously affirmed, with costs.
The parties' agreements are complete, clear and unambiguous on their face, and must be enforced according to the plain meaning of their terms (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). While the contemporaneous agreements should be read together (Abed v John Thomas Fin., Inc., 107 AD3d 578, 579 [1st Dept 2013]), that does not support plaintiffs' claims, which would require the court to rewrite the agreements to add obligations that are not included in the agreements (see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]). Plaintiffs err in their attempt to rewrite the agreements by suggesting that reading them together creates mutual rights and duties between all parties even though not all the parties signed each agreement or assumed the same duties under the agreements.
Construing the agreements according to their plain language, it is clear that nonparty Quadrant 4 Cloud, Inc. and its related entities (Q4), not defendant, agreed to pay the federal and state tax liabilities of plaintiff Teledata Technology Solutions, Inc. (TTS), and that Q4's principals personally guaranteed the tax payments. Defendant had no contractual duty to "supervise" the proper segregation of TTS's accounts receivable or tax payments.
Likewise, defendant had no contractual duty, or even the right, to declare an event of default against Q4 under the secured notes given by Q4 and the security agreements between Q4 and defendant, based on Q4's failure to pay TTS's tax liabilities. On its face, the security agreements only secure Q4's payment of its debts to defendant under the notes, and defendant was empowered only to protect its own interest in the collateral.
Plaintiffs' allegation that defendant breached the secured party sales agreement (SPSA) by terminating the UCC security interest in Q4's assets once Q4's debt to defendant was repaid, but before TTS's tax liabilities were fully paid, is belied by the agreements. Further, UCC § 9-513(c) required defendant to file a termination statement terminating the UCC-1 financing statement upon Q4's demand.
Nothing on the face of the instruments supports plaintiffs' contention that they are third party beneficiaries of the promissory notes and/or security agreement (see Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38, 45 [1985]; Oursler v Women's Interart Ctr., 170 AD2d 407 [1st Dept 1991]), or that defendant held the collateral in trust for them.
The facts alleged in the complaint demonstrate sophisticated parties in an arm's-length contractual relationship, and do not give rise to a fiduciary relationship (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19-20 [2005]; Nuntnarumit v Lyceum Partners LLC, 165 [*2]AD3d 532, 533 [1st Dept 2018]; Pokoik v Pokoik, 115 AD3d 428, 429 [1st Dept 2014]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 16, 2019
DEPUTY CLERK