Man Advisors, Inc. v Selkoe (2019 NY Slip Op 05483)





Man Advisors, Inc. v Selkoe


2019 NY Slip Op 05483


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Renwick, J.P., Gische, Kapnick, Singh, JJ.


9823 654967/17

[*1]Man Advisors, Inc., Plaintiff-Appellant,
v
Gregory Selkoe, et al., Defendants-Respondents.


Carnelutti & Altieri Esposito Minoli PLLC, New York (Alexander D. Tripp of counsel), for appellant.
Kirsch & Neihaus PLLC, New York (Emily Kirsch of counsel), for respondents.



Order, Supreme Court, New York County (John J. Kelley, J.), entered September 26, 2018, which granted defendants' motion to dismiss the complaint's second cause of action for fraud, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff alleges that, as CEO of nonparty Karmaloop, Inc., defendant Gregory Selkoe solicited from plaintiff a bridge loan in the amount of $2,040,000. Plaintiff agreed, on condition that Selkoe personally guarantee the loan. Selkoe provided the personal guarantee, and also represented to plaintiff that he had previously given only one other personal guarantee, and that Karmaloop had never defaulted on any loan payment. Both of these representations were false, in that, unbeknownst to plaintiff, Selkoe had previously guaranteed a loan issued to another Karmaloop executive, and Karmaloop had defaulted on that loan.
The foregoing states a claim for fraudulent inducement, which is not duplicative of plaintiff's claim for breach of the guarantee. Plaintiff does not allege that Selkoe misrepresented the intent to perform on the guarantee and underlying promissory note, which would render the fraud claim duplicative, but rather alleges that Selkoe misrepresented his and Karmaloop's ability to perform (see Universal Inv. Advisory SA v Bakrie Telecom Pte., Ltd., 154 AD3d 171, 181 [1st Dept 2017]; Allenby, LLC v Credit Suisse, AG, 134 AD3d 577, 581 [1st Dept 2015]).
At this early juncture, we find that plaintiff should be "permitted to plead in the alternative (see CPLR 3014)," and its claim "for fraud, should not be dismissed as duplicative of the breach-of-contract cause of action" (Citi Mgt. Group, Ltd. v Highbridge House Ogden, LLC, 45 AD3d 487, 487 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK