43rd St. Deli, Inc. v Paramount Leasehold, L.P. (2019 NY Slip Op 08605)





43rd St. Deli, Inc. v Paramount Leasehold, L.P.


2019 NY Slip Op 08605


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Acosta, P.J., Renwick, Mazzarelli, Kapnick, JJ.


110073/06 -7290

[*1]43rd Street Deli, Inc. doing business as Bella Vita Restaurant, Plaintiff-Appellant-Respondent,
v
Paramount Leasehold, L.P., Defendant-Respondent-Appellant.


Cornicello, Tendler & Baumel-Cornicello, LLP, New York (David Tendler of counsel), for appellant-respondent.
Rosenberg & Estis, P.C., New York (Norman Flitt of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about January 3, 2019, which, to the extent appealed from as limited by the briefs, adjudged that plaintiff tenant was not entitled to exercise a right to renew its lease, referred plaintiff's claim for rent credit in the amount of $62,724.79 to a Judicial Hearing Officer to hear and determine, awarded defendant attorneys' fees and referred the reasonable amount of defendant's attorneys' fees to a JHO to hear and determine, unanimously affirmed, without costs.
Supreme Court's determination that plaintiff was not entitled to exercise its right to renew the lease was supported by the evidence. The lease provided that tenant could renew the lease for a 5-year period starting February 1, 2011 provided that tenant was not in default of the lease beyond the allowed grace period following the expiration of the lease. This provision made the lease renewal option conditional (see e.g. Ahmed v C.D. Kobsons, Inc., 67 AD3d 467, 467-468 [1st Dept 2009]), and therefore, tenant could not exercise this right validly unless it was in full compliance with the lease (see Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442, 448 [1984]).
Tenant's arguments that external circumstances should alter this conclusion are unavailing. The lease clearly provides that tenant defaulted as soon as it failed to pay percentage rent, and landlord was not obligated to provide notice of such default. Moreover, tenant failed to make any payments towards its water bills as additional rent from November 2005 until January 2013, including at the time of the renewal notice (July 1, 2009) and commencement of the renewal term (February 1, 2011). Tenant's bona fide objection to the inflated water bills did not warrant a complete failure to pay. Tenant could have preserved its right to dispute the accuracy of its bills by mitigating this litigation and paying its bills simultaneously (Beltway 7 Props., Ltd. v Blackrock Realty Advisers, Inc., 167 AD3d 100, 104 [1st Dept 2018], lv denied 32 NY3d 916 [2019]; Jenoure v Body Solutions Plus, LLC of Westbury, 29 Misc 3d 84, 86 [App Term, 2d Dept 2010]).
Supreme Court properly referred the issue of the "waived rent arrears" or "rent credit" to a JHO to hear and determine. Prior to this litigation, the parties were involved in a separate rent litigation whereby landlord sought $133,936.03 from tenant. The parties settled that litigation for $71,211.24, and landlord agreed to waive its collection of the remaining $62,724.79. In connection with this litigation, the parties dispute whether landlord ever removed the $62,724.79 debt from tenant's rental account. At trial, Supreme Court found that landlord's only witness, the building's managing agent, provided testimony that did not allow for a reliable conclusion as to whether the rent credit was ever applied to tenant's account. As this was a bench trial, "deference is accorded the trial court's factual findings particularly where they rest largely upon an assessment of credibility" (Jump v Jump, 268 AD2d 709, 710 [3d Dept 2000]; see also Cushman & Wakefield, Inc. v 214 E. 49th St. Corp., 218 AD2d 464, 467-468 [1st Dept 1996], lv [*2]dismissed 88 NY2d 951, lv denied 88 NY2d 816 [1996]). Moreover, the documentary evidence in the record was inconclusive with respect to whether the rent credit was applied fully, partially, or not at all.
Landlord was entitled to attorneys' fees. While normally litigants are required to pay their own legal fees, there is an exception if the parties contract otherwise, as was the case here (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 31 NY3d 569, 584 [2018]). In addition, landlord prevailed over the central relief sought (Matter of Wiederhorn v Merkin, 98 AD3d 859, 863 [1st Dept 2012], lv denied 20 NY3d 855 [2012]; see also Blue Sage Capital, L.P. v Alfa Laval U.S. Holding, Inc., 168 AD3d 645, 646 [1st Dept 2019], lv denied 33 NY3d 904 [2019]). Landlord's other contentions with respect to attorneys' fees address unappealable dicta (see Grunewald v Metropolitan Museum of Art, 125 AD3d 438, 439 [1st Dept 2015], lv denied 27 NY3d 907 [2016]).
M-7290 - 43rd Street Deli, Inc. v Paramount Leasehold, L.P. Motion to strike portions of the brief denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK