Bay Towers Assoc. v Lightstone Group, LLC (2025 NY Slip Op 01160)

Bay Towers Assoc. v Lightstone Group, LLC

2025 NY Slip Op 01160

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, González, Rosado, Michael, JJ. 

Index No. 653753/18|Appeal No. 3800|Case No. 2023-03090|

[*1]Bay Towers Associates, Plaintiff-Appellant, Bay Towers Company, Plaintiff,
v
The Lightstone Group, LLC, et al., Defendants-Respondents, Hugh G. Pike et al., Defendants.
BLD Company, LLC, Intervenor Plaintiff,
v
The Light house Group, LLC, et al., Defendants-Respondents, Hugh G. Pike et al., Defendants.

Rotbert Business Law, P.C., New York (Mitchell J. Rotbert of counsel), for appellant.
Sills Cummis & Gross P.C., New York (David B. Newman of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered March 30, 2023, which, to the extent appealed from as limited by the briefs, granted the motion of The Lightstone Group, LLC, D.A.L. Realty Company, Inc., Bay Towers Exchange Limited Partnership, and BTA Holdco, LLC (collectively, the Lightstone defendants) for summary judgment dismissing the causes of action for breach of fiduciary duty (count I), fraud (count III), accounting (count V), concerted action (count X), and civil conspiracy (count XI), as against them, unanimously affirmed, without costs.
The Lightstone defendants established prima facie entitlement to summary judgment on the breach of fiduciary duty claim, as D.A.L. Realty's fiduciary duty did not extend to protecting plaintiff Bay Towers Associates (BTA) from the foreclosure action of defendant MPM Limited Partnership, a third-party lender (see Besen v Farhadian, 195 AD3d 548, 549-550 [1st Dept 2021]). Even if D.A.L. Realty, as the general partner of plaintiff Bay Towers Company (BTC), had an obligation to disclose to BTA that MPM Limited had commenced a foreclosure action, BTA could not have been damaged by the failure to receive that information, because BTC's partnership agreement vested the authority to increase loans and borrow money in D.A.L. Realty, not BTA. Furthermore, BTA admits that it lacked a contractual relationship with the other Lightstone defendants.
Contrary to BTA's argument on appeal, it may not rely on the special facts doctrine, as it fails to identify any transaction between BTA and the Lightstone defendants to which the doctrine would apply (see Greenman-Pedersen, Inc. v Berryman & Henigar, Inc., 130 AD3d 514, 516 [1st Dept 2015], lv denied 29 NY3d 913 [2017]; cf. Citi Mgt. Group, Ltd. v Highbridge House Ogden, LLC, 45 AD3d 487, 487 [1st Dept 2007]).
The Lightstone defendants also established their entitlement to summary judgment on the fraud claim, as it arises from the same set of facts as the contract claim, seeks identical damages, and does not allege a breach of any duty collateral to or independent of the parties' agreement (see Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 62-63 [1st Dept 2017]). BTA's counsel admitted that the fraud and breach of contract claims were both supported by "the same argument," as both claims are premised on defendants' failure to provide proper notice of the foreclosure action to BTA. Moreover, because BTA's fraud claim was properly dismissed, the court also properly dismissed BTA's civil conspiracy and concerted action claims (see Rastelli v Goodyear Tire & Rubber Co., 79 NY2d 289, 295 [1992]; see also Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 474 [1st Dept 2010]).
Finally, the court properly dismissed the claim seeking an accounting from D.A.L. Realty. BTA failed to raise a material issue of fact showing that the annual audit reports it received did not include all the information to which it was entitled (see Roslyn Union Free School Dist. [*2]v Barkan, 16 NY3d 643, 653 [2011]).
We have considered BTA's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025